UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| KEVIN A. ASHBY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SLM CORPORATION and<br>SALLIE MAE, INC.,<br><br>　　　　Defendants. | Civil No. 08-870 (MJD/SRN)<br><br>**REPORT AND<br>RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he seeks leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

This action stems from four student loans that Plaintiff allegedly received so that he could attend graduate school. According to Plaintiff's complaint, the original lender assigned the loans to Defendants – SLM Corporation and its subsidiary, Sallie Mae, Inc. Sometime after the loans were assigned to Defendants, they allegedly contacted Plaintiff and informed him that the total outstanding principal balance of the loans was $25,718.00.

Plaintiff alleges that on May 13, 2007, he "entered an application to discharge [his] student loans due to total and permanent disability." (Complaint, [Docket No. 1], p. 2, ¶ 9.)

Defendants allegedly failed to respond to Plaintiff's initial "application to discharge," and he allegedly had to contact Defendants several more times before they finally responded to the "application for discharge."  (Id., pp. 2-3, ¶s 10 - 16.)

On January 18, 2008, Plaintiff allegedly received an e-mail notice from Defendants, which indicated that he would not be granted a discharge for $18,500.00 of his student loans.  (Id., ¶ 18.)  However, on January 24, 2008, Plaintiff allegedly received another e-mail notice from Defendants, which indicated that he "was granted a conditional discharge" for $9776.00 of his student loans.  (Id., p. 3, ¶ 17.)

On March 20, 2008, Plaintiff allegedly received an e-mail notice from Defendants, which indicated that the outstanding (and non-discharged) balance of his student loans, namely $18,500.00, was due on April 10, 2008.  (Id., ¶ 19.)  Thereafter, Plaintiff attempted to contact Defendants, (presumably to discuss the outstanding balance of his student loans), but Defendants allegedly "hung up" on him.  (Id., ¶ 20.)

Plaintiff alleges that he "has suffered severe aggravation and inconvenience in supplying Defendant with requested applications on several occasions," and that he "has suffered an exacerbation of a current certain mental illnesses from the infliction of emotional distress" caused by Defendants.  (Id., ¶s 21, 22.)  He further alleges that he "will suffer a loss from derogatory credit reporting on behalf of Defendant."  (Id., ¶ 23.)

Plaintiff is now attempting to sue Defendants for "breach of contract," "administrative negligence," and "intentionally and willfully act[ing] in such a manner as to inflict mental and emotional distress upon the Plaintiff."  (Id., pp. 3-4, ¶s 25-29.)  He is seeking a judgment against Defendants for compensatory damages, costs and attorney fees.  He is also seeking an injunction and declaratory judgment for some additional (unspecified) relief.

**II. DISCUSSION**

An IFP application will be denied, and the action will be dismissed, if the IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); <u>Atkinson v. Bohn</u>, 91 F.3d 1127, 1128 (8th Cir. 1996) (<u>per curiam</u>). To state an actionable claim for relief, a plaintiff must allege a set of historical facts, which if proven true, would entitle the plaintiff to some legal redress against the named defendant(s) based on some cognizable legal theory. Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: <u>the complaint must allege facts, which if true, state a claim as a matter of law</u>." <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added).

In this case, Plaintiff's complaint purportedly alleges three state law causes of action: (1) breach of contract, (2) negligence, and (3) intentional causing of emotional distress.[1] However, the factual allegations of the complaint do not support any of those claims.

First, Plaintiff's complaint fails to state an actionable breach of contract claim, because it does not identify any contract between Plaintiff and Defendants. Furthermore, if there is such a contract, the complaint does not describe any of its terms and conditions.

---

[1] Plaintiff alleges that subject matter jurisdiction exists in this case based on diversity of citizenship, and "based on a matter of Federal question and/or regulation." (Complaint, p. 1, ¶ 5.) However, the complaint does not identify any specific federal regulation, or any claim based on federal law, which could give rise to subject matter jurisdiction under the "Federal Question" statute – 28 U.S.C. § 1331. The Court finds that the only claims that are actually proffered in the complaint are state law claims, and the only possible basis for subject matter jurisdiction is the "Diversity of Citizenship" statute – 28 U.S.C. § 1332. Frankly, it appears rather doubtful that subject matter jurisdiction could exist even under the Diversity of Citizenship statute, because there are no factual allegations suggesting that Plaintiff could satisfy the $75,000.00 "amount in controversy" requirement of that statute. For now, however, the Court will give Plaintiff the benefit of the doubt on that issue.

Finally, (and perhaps most importantly), the complaint does not describe any specific acts or omissions by Defendants that breached any terms or conditions of any contract.

The complaint also fails to state a cause of action for negligence. To maintain a negligence claim, a complainant must plead, (and ultimately prove), that the named defendant caused him injury by failing to exercise reasonable care. See Lubbers v. Anderson, 539 N.W.2d 398, 401 (Minn. 1995) ("The essential elements of a negligence claim are: (1) the existence of a duty of care; (2) a breach of that duty; (3) an injury was sustained; and (4) breach of the duty was the proximate cause of the injury."). "[I]n order for a party's negligence to be the proximate cause of an injury 'the act [must be] one which the party ought, in the exercise of ordinary care, to have anticipated was likely to result in injury to others.'" Id. (citation omitted). In this case, Plaintiff has not alleged any facts showing that Defendants did anything that they should have anticipated was likely to cause injury to Plaintiff, (or anyone else). Therefore, Plaintiff has not pleaded an actionable negligence claim.

The Court further finds that Plaintiff has not pleaded a cause of action for intentional infliction of emotional distress. Under Minnesota law, "[i]ntentional infliction of emotional distress consists of four distinct elements: '(1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe.'" Langeslag v. KYMN Inc., 664 N.W.2d 860, 864 (Minn. 2003) (citation omitted). "To qualify as extreme and outrageous, the conduct must lead an average member of the community to exclaim 'Outrageous!'" Id. at 865 (citation omitted). See also Wikstrom v. Little Earth of United Tribes Housing Corp., No. A06-1023, (Minn. App. 2007), (unpublished opinion), rev. denied, Sept. 18, 2007, 2007 WL

1746908 at *4 ("Only a case involving egregious facts, 'so atrocious that it passes the boundaries of decency and is utterly intolerable to the civilized community' is actionable.") (quoting Langeslag, 664 N.W.2d at 865).

Here, Plaintiff has alleged no facts that could support a cause of action for intentional infliction of emotional distress. The Court notes, in particular, that there are no factual allegations suggesting that Defendants did anything that a reasonable factfinder could regard as "extreme and outrageous" behavior. Thus, even with the benefit of liberal construction, Plaintiff's complaint clearly fails to state a cause of action for intentional infliction of emotional distress.

## III.  CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff's complaint fails to state any cause of action on which relief can be granted. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this case be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

Lastly, the Court notes that this is the eighth lawsuit that Plaintiff has filed in this District during the past eight months. Most of these cases have already been dismissed (or transferred) because they were not properly brought here. In light of Plaintiff's recent inauspicious litigation record, it appears that it may be necessary to impose some restrictions on his ability to file more actions in this District in the future. Although this Court will not recommend that such restrictions be imposed at this time, Plaintiff is now forewarned that if he files more defective lawsuits in the future, he may lose his right of unfettered access to the federal court.

## IV. RECOMMENDATION

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED;

2. This action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated:   April 7, 2008

   s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 22, 2008**  a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.